UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
GUSTAVO FIUZA DA MATA MOREIRA, )
                                                )
    Petitioner, )
                                                )
v. )    Civil No. 25-13290-LTS
                                                )
ANTONE MONIZ et al., )
                                                )
    Respondents. )
)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 12, 2025

SOROKIN, J.

    Gustavo Fiuza da Mata Moreira, a citizen of Brazil who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

    In June 2022, Fiuza da Mata Moreira entered the United States without inspection. Doc. No. 1 ¶¶ 1, 16–17. He was arrested by border patrol agents shortly after he arrived in the country and was eventually paroled into the United States for a period of approximately two months. Id. ¶ 18; Doc. No. 1-3; see 8 U.S.C. § 1182(d)(5)(A) (allowing for discretionary, temporary parole "on a case-by-case basis for urgent humanitarian reasons or significant public benefit"). He remained in the United States after his parole period expired and, in November 2022, was served with a notice to appear which initiated removal proceedings against him which remain pending. Doc. No. 1 ¶ 19. On November 5, 2025, Fiuza da Mata Moreira was arrested by officers with Immigration and Customs Enforcement, id. ¶ 21, and he is now detained at Plymouth County Correctional Facility, id. ¶ 23.

The day of his arrest, Fiuza da Mata Moreira instituted this action by filing a habeas petition.  Doc. No. 1.  The petition raises claims similar to those the Court has evaluated in other cases.  See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16.  The respondents answered the petition today.  They "recognize" that the Court's decisions in Garcia and Encarnacion, should the Court adhere to them, would lead to "the same result" here.  Doc. No. 10 at 2.  Though they continue to disagree with the Court's analysis of the relevant detention statutes, they incorporate their earlier briefing and suggest that no further argument is necessary before the Court renders a decision.  Id. at 1–3.

The Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' submission that Fiuza da Mata Moreira is not subject to mandatory detention under 8 U.S.C. § 1225(b).  See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion).[1]  Thus, he is entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Fiuza da Mata Moreira unless he is provided a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order;[2] and 2) the respondents shall not retaliate

---

[1] As far as the undersigned is aware, at least a dozen judges sitting in this courthouse have now rendered decisions rejecting the government's position.  The respondents cite no case in which any judge in this District has analyzed the relevant statutes and endorsed the respondents' view.
[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk.  Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).

against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition.

                                                SO ORDERED.

                                                /s/ Leo T. Sorokin
                                             United States District Judge